**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE
COMMISSION,

          **Plaintiff,**

    **-against-**

ALKIVIADES DAVID and HOLOGRAM
USA NETWORKS INC.,

          **Defendants.**

---

**19 Civ. 9013 (JSR)**

**[PROPOSED]**
**PROTECTIVE ORDER**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: _12/9/19_

JED S. RAKOFF, U.S.D.J.

      The parties having agreed to the following terms of confidentiality, and the Court having

found that good cause exists for issuance of an appropriately-tailored confidentiality order

governing the pre-trial phase of this action, it is therefore hereby

      ORDERED that any person subject to this Order – including without limitation the

parties to this action, their representatives, agents, experts and consultants, all third parties

providing discovery in this action, and all other interested persons with actual or constructive

notice of this Order – shall adhere to the following terms, upon pain of contempt:

      1.     Any person subject to this Order who receives from any other person any

"Discovery Material" (i.e., information of any kind provided in the course of discovery in this

action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose

such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.     The person producing any given Discovery Material may designate as

Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.     If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.     Subject to the provisions of ¶¶ 16 and 18 of this Order, no person subject to this

2

Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)     the parties to this action;

(b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     the Court and its support personnel.

6.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.     All Confidential Discovery Material filed with the Court, and all portions of

3

pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9.      All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed except to the extent that, with regard to any documents in the

possession of Plaintiff Securities and Exchange Commission ("Commission"), the Commission or its staff determines that it needs to retain such documents to fulfill its record-keeping obligations, its obligations under the Freedom of Information Act, 5 U.S.C. § 552, et seq., and the applicable rules and regulations promulgated thereunder, or to carry out any permitted uses under Commission Form 1662. *See* https://www.sec.gov/about/forms/sec1662.pdf

17.     Documents not designated as "Confidential" but produced to the Commission by any person or entity and bearing the language "Requests That These Documents Be Accorded Confidential Treatment" or "Confidential Treatment Requested By," shall be used by any defendant solely for use in connection with this action. Such documents are not, however, subject to the other restrictions imposed upon those documents designated as "Confidential."

18.     Nothing in this Protective Order shall be construed to have any effect on the obligations of the Commission under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, or to limit or restrict the Commission from using or disclosing any materials to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

19.     The term "Privacy Information" shall mean documents containing an individual's mailing address, telephone number, email address, social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), or a financial account number (other than only last four digits thereof), regardless of whether such information has been designated as "Confidential." With regard to Privacy Information that any party has obtained in this case through production of documents, other discovery, or otherwise under Fed. R. Civ. P. 26(a), that

6

party will not disclose or use such Privacy Information other than for purposes of litigating this case, subject to the following exceptions:

(a) The Order shall not limit or restrict the Commission from using or disclosing Privacy Information to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662;

(b) The Order shall not apply to Privacy Information that any party obtained or obtains independently of materials produced or provided to it in this case;

(c) The Order shall not limit or restrict the ability to file Privacy Information in this case, or present, disclose, or use Privacy Information at trial, depositions, hearings or other proceedings in this case, subject to paragraph 19(d) below.

(d) The Order shall not alter the parties' obligations to comply with the requirements of Fed. R. Civ. P. 5.2 and Local Civil Rules 5.2(a) and (b).

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**STIPULATED AND AGREED BY:**

Dated: New York, NY
December⁄, 2019

Richard G. Primoff
Yitzchok Klug
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022
(212) 336-0148 (Primoff)
primoffr@sec.gov

7

*Attorneys for Plaintiff Securities and Exchange Commission*

Dated: New York, NY
          December  , 2019

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
fheather@glaserweil.com

*Attorneys for Defendants*

**SO ORDERED.**

JED S. RAKOFF, U.S.D.J.

Dated: /2/6/19

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE**
**COMMISSION,**

**Plaintiff,**

**-against-**

**ALKIVIADES DAVID and HOLOGRAM**
**USA NETWORKS INC.,**

**Defendants.**

**19 Civ. 9013 (JSR)**

**Non-Disclosure**
**Agreement**

---

I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the party or attorney

from whom I received it. By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

Dated: _____

_____