USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/12/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

-against-

ALKIVIADES DAVID, HOLOGRAM
USA NETWORKS INC., and
SPENCER G. FELDMAN

---

19-cv-9013 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

On February 7, 2020, plaintiff Securities and Exchange Commission (the "Commission"), filed a letter with the Court requesting permission to serve the Commission's deposition subpoena on non-party witness Carl Dawson ("Dawson") by email. Based on the Commission's representations in the letter (attached as Exhibit A to this order), the Court is persuaded that alternative service by email is warranted in this case. Accordingly, the Court permits the Commission to serve Dawson with the subpoena by emailing it to him again.

SO ORDERED.

Dated:   New York, NY

       February 11, 2020

                                  JED S. RAKOFF, U.S.D.J.

1

Exhibit A



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE
200 VESEY STREET, STE 400
NEW YORK, NY 10281-1022

RICHARD G. PRIMOFF
TELEPHONE: (212) 336-0148
FACSIMILE: (212) 336-1319

February 7, 2020

**VIA EMAIL**

The Honorable Jed S. Rakoff
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>SEC v. David, et al. (19 CV 9013 (JSR)</u>

Dear Judge Rakoff:

    Plaintiff Securities and Exchange Commission (the "Commission") respectfully writes to request, with Defendants' consent, that the Court permit alternative service of the Commission's deposition subpoena on non-party witness Carl Dawson ("Dawson") by email. The Commission makes this request because: (1) Dawson had previously orally consented to service of a prior deposition subpoena by email at the relevant email address; (2) has recently communicated with the Commission using that email address; and (3) the Commission's process server has not succeeded in effecting personal service on Dawson despite diligent attempts. The Commission recently contacted Dawson to try to secure his consent to service of this deposition subpoena by email, but he has not responded.

    As background, in early January 2020, the undersigned Commission counsel spoke with Dawson, a resident of Calabasas, California, by telephone to inform him that the Commission intended to take his deposition. I asked Dawson whether he would consent to service of the deposition subpoena by email to carl.dawson@vcmediapartners.com. Dawson indeed consented on the call and informed me that he was available for a deposition on February 4. On January 9, the Commission emailed Dawson a deposition subpoena scheduling his deposition for February 4 in the Commission's Los Angeles office. (A copy of my January 9, 2020 email and subpoena is attached as Exhibit 1.) Several weeks later, during the deposition of Defendant Alkiviades David ("David") on January 24, the parties agreed that David's deposition would be continued and that Dawson's deposition would therefore be rescheduled.

Thereafter, between January 24 and February 4, 2020, I telephoned and emailed Dawson repeatedly and asked him to contact me to discuss rescheduling his deposition. I did not hear from Dawson until February 3, when he emailed me from the relevant email address, apologized for his prior lack of response and explained he had been ill, and asked that his deposition be rescheduled to a date as late as possible. (Copies of my emails with Dawson are attached as Exhibit 2.)

I then attempted to reach him again by telephone and email that day and the next but again received no response. On February 4, the Commission engaged a process server to personally serve Dawson at his two most recent, known addresses: his apparent residence in Calabasas, California and his apparent work address in Woodland Hills, California. Later that day, the process server advised the Commission that service had been unsuccessful at both addresses, that the residential address appeared to have been abandoned by Dawson, and that a manager at the work address had told the process server that Dawson was "on the run...." because of a workplace dispute. The Commission later provided the process server with two older potential addresses for Dawson, but the process server has since informed the Commission that Dawson does not appear to live or work at either of those addresses. The Commission has no additional information as to Dawson's residential or business address, if any.

On February 5, 2020, given the apparent futility of personal service, I emailed Dawson a copy of the Commission's second deposition subpoena, dated February 4, 2020, requiring his attendance for a deposition on February 20 in Los Angeles. My email asked Dawson to confirm whether he would agree to accept service of this deposition subpoena by email. (A copy of that email, which corrects an error in an earlier email, and subpoena is attached as Exhibit 3.) To date, the Commission has received no response from Dawson.

Under these circumstances, the Commission respectfully requests that the Court deem the Commission's February 5, 2020 email service of the deposition subpoena on Dawson effective under Federal Rule of Civil Procedure 45 or authorize alternative email service and permit the Commission to serve Dawson with the subpoena by emailing it to him again. Courts in the Second Circuit have authorized alternative service where prior attempts at personal service have been made, and it "'reasonably insures actual receipt of the subpoena by the witness.'" *Ultradent Products, Inc. v. Hayman*, No. M8-85 (RPP), 2002 WL 31119425 at *4 (S.D.N.Y. Sept. 24, 2002) )(*citing Cordius Trust v.. Kummerfeld*, 1999 U.S. Dist. Lexis 19980, *5–*6 (S.D.N.Y.1999)). Here, service by email is the most practicable method of accomplishing service designed to provide actual notice. *See SEC v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (Gorenstein, Mag. J.) (authorizing alternative service of a subpoena, including by email, where the Commission had not succeeded in effecting personal service); *see also Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 WL 725412, at *2 (S.D.N.Y. March 12, 2007) (noting that "federal courts have approved email service of process as an appropriate means under Rule 4 in proper circumstances").

The Commission meets this standard. It has diligently attempted personal service and has reason to believe that further attempts to personally serve Dawson will be futile. Furthermore, Dawson previously consented to service of the prior deposition subpoena by email and used the same email address to communicate with Commission counsel as recently as February 3, 2020, demonstrating that service by email will ensure that Dawson "actually receives the subpoena."

*Kenyon*, 2016 WL 5930265, at *3. The Commission therefore respectfully requests that the Court permit alternative service of the deposition subpoena on Dawson by email.

Respectfully submitted,

Richard G. Primoff

cc: Defendants' counsel (email)

# EXHIBIT 1

# Primoff, Richard

| | |
|---|---|
| **From:** | Primoff, Richard |
| **Sent:** | Thursday, January 09, 2020 7:07 PM |
| **To:** | 'carl.dawson@vcmediapartners.com' |
| **Cc:** | Klug, Yitzchok |
| **Subject:** | SEC v. David, et al. |
| **Attachments:** | Deposition Subpoena Dawson.pdf |

Mr. Dawson: Pursuant to our conversation of earlier today, in which you agreed to accept service of the deposition subpoena by email, I have attached the subpoena for your February 4, 2020 deposition.

Richard G. Primoff
Senior Trial Counsel
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place, 200 Vesey Street, Ste. 400
New York, NY 10281
(212)-336-0148

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| SECURITIES AND EXCHANGE COMMISSION | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19 CIV 9013 (JSR) |
| ALKIVIADES DAVID and HOLOGRAM USA NETWORKS INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Carl Dawson, VC Media Partners, LLC, 22120 Clarendon, Ste 140, Woodland Hills, CA 91367

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Securities and Exchange Commission, 444 South Flower Street, Suite 900 Los Angeles, CA 90071. | Date and Time: February 4, 2020 9:30 AM |
|---|---|

The deposition will be recorded by this method: videocam, stenographer, sound recording, or combination

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/09/2020

*CLERK OF COURT*

OR _____

_____     _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff** Securities and Exchange Commission , who issues or requests this subpoena, are:

Richard G. Primoff, 200 Vesey Street, Ste 400, New York, NY 10281, primoffr@sec.gov, 212-336-0148

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19 CIV 9013 (JSR)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 2**

## Primoff, Richard

| | |
|---|---|
| **From:** | Primoff, Richard |
| **Sent:** | Monday, January 27, 2020 10:57 AM |
| **To:** | 'carl.dawson@vcmediapartners.com' |
| **Cc:** | Klug, Yitzchok |
| **Subject:** | SEC v. David, et al. |

Hi Mr. Dawson: We need to discuss re-scheduling the date for your deposition. Could you please call me at your earliest convenience? Thank you.

Richard G. Primoff
Senior Trial Counsel
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place, 200 Vesey Street, Ste. 400
New York, NY 10281
(212)-336-0148

# Primoff, Richard

| | |
|---|---|
| **From:** | Primoff, Richard |
| **Sent:** | Wednesday, January 29, 2020 1:30 PM |
| **To:** | 'carl.dawson@vcmediapartners.com' |
| **Subject:** | SEC v. David, et al. |

Mr. Dawson: I am following up on my email from Monday (and earlier voicemail messages), regarding the need to re-schedule your deposition in this matter. Please call me today to discuss.

Richard G. Primoff
Senior Trial Counsel
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place, 200 Vesey Street, Ste. 400
New York, NY 10281
(212)-336-0148

1

# Primoff, Richard

| | |
|---|---|
| **From:** | Primoff, Richard |
| **Sent:** | Monday, February 03, 2020 1:59 PM |
| **To:** | carl.dawson@vcmediapartners.com |
| **Cc:** | Klug, Yitzchok; Grace, Adam S. |
| **Subject:** | Re: SEC v. David, et al. |

I will call you in a few hours. What number is best to reach you at?

Sent from my iPhone

> On Feb 3, 2020, at 12:13 PM, "carl.dawson@vcmediapartners.com" <carl.dawson@vcmediapartners.com> wrote:
>
> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Hello Mr. Primoff,
>
> I apologize... I have been out with the flu and other personal ailments which had my hospitalized. I still not completely well. If we need to push the date back, please push out as far as possible. Thank you
>
> Warmest Regards,
>
> Carl Dawson
>
>
> From: Primoff, Richard <PrimoffR@sec.gov>
> Sent: Friday, January 31, 2020 1:13 PM
> To: carl.dawson@vcmediapartners.com
> Cc: Klug, Yitzchok <KLUGY@SEC.GOV>; Grace, Adam S. <GraceA@SEC.GOV>
> Subject: SEC v. David, et al.
>
> Mr. Dawson, I have telephoned you several times over the past week (and had telephoned you last week as well), and emailed you twice, requesting that you contact me so we can discuss re-scheduling your deposition. To date, I have not heard back from you. I would prefer to work out a new date without the necessity of seeking intervention of the Court, but to do so we need to communicate. Please call me promptly at the number listed below.
>
> Richard G. Primoff
> Senior Trial Counsel
> SECURITIES AND EXCHANGE COMMISSION
> New York Regional Office
> Brookfield Place, 200 Vesey Street, Ste. 400
> New York, NY 10281

**Primoff, Richard**

| | |
|---|---|
| **From:** | Primoff, Richard |
| **Sent:** | Monday, February 03, 2020 5:15 PM |
| **To:** | 'carl.dawson@vcmediapartners.com' |
| **Cc:** | Klug, Yitzchok; Grace, Adam S. |
| **Subject:** | RE: SEC v. David, et al. |

Thank your for your email, Mr. Dawson: Are you available to speak now? Please let us know what number we should use (I just tried your 310 number).

**From:** carl.dawson@vcmediapartners.com <carl.dawson@vcmediapartners.com>
**Sent:** Monday, February 03, 2020 12:13 PM
**To:** Primoff, Richard <PrimoffR@sec.gov>
**Cc:** Klug, Yitzchok <KLUGY@SEC.GOV>; Grace, Adam S. <GraceA@SEC.GOV>
**Subject:** RE: SEC v. David, et al.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Mr. Primoff,

I apologize... I have been out with the flu and other personal ailments which had my hospitalized. I still not completely well. If we need to push the date back, please push out as far as possible. Thank you

Warmest Regards,

Carl Dawson

**From:** Primoff, Richard <PrimoffR@sec.gov>
**Sent:** Friday, January 31, 2020 1:13 PM
**To:** carl.dawson@vcmediapartners.com
**Cc:** Klug, Yitzchok <KLUGY@SEC.GOV>; Grace, Adam S. <GraceA@SEC.GOV>
**Subject:** SEC v. David, et al.

Mr. Dawson, I have telephoned you several times over the past week (and had telephoned you last week as well), and emailed you twice, requesting that you contact me so we can discuss re-scheduling your deposition. To date, I have not heard back from you. I would prefer to work out a new date without the necessity of seeking intervention of the Court, but to do so we need to communicate. Please call me promptly at the number listed below.

Richard G. Primoff
Senior Trial Counsel
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place, 200 Vesey Street, Ste. 400
New York, NY 10281
(212)-336-0148

**EXHIBIT 3**

## Primoff, Richard

| | |
|---|---|
| **From:** | Primoff, Richard |
| **Sent:** | Wednesday, February 05, 2020 11:18 AM |
| **To:** | 'carl.dawson@vcmediapartners.com' |
| **Cc:** | Klug, Yitzchok |
| **Subject:** | SEC v. David, et al. |
| **Attachments:** | Deposition Subpoena Dawson 02.04.20.pdf |

Mr. Dawson: Apologies, please disregard my email from a few minutes ago, as I included the wrong date in my email message, although the correct date for your deposition is stated in the subpoena I attached.

In the interest of clarity, I am attaching again a copy of our subpoena to you, for your rescheduled deposition on **February 20, 2020,** at the SEC's Los Angeles Regional Office at 9:30 a.m., pursuant to your email to me of February 3, 2020, and your prior oral agreement to accept service of subpoenas by email. Please confirm by reply email your acceptance of this subpoena by email, in lieu of personal service, and, of course, call me with any questions you may have.

Regards,

Richard G. Primoff
Senior Trial Counsel
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place, 200 Vesey Street, Ste. 400
New York, NY 10281
(212)-336-0148

1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION <br> *Plaintiff* <br> v. <br> ALKIVIADES DAVID and HOLOGRAM USA NETWORKS INC. <br> *Defendant* | Civil Action No. 19 CIV 9013 (JSR) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Carl Dawson, 24719 Calle Largo, Calabasas, CA 91302

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Securities and Exchange Commission <br> 444 South Flower Street, Suite 900, <br> Los Angeles, CA 90071 | Date and Time: <br> February 20, 2020 9:30:00 AM |
|---|---|

The deposition will be recorded by this method:    videocam, stenographer, sound recording, or combination

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   2/4/2020

*CLERK OF COURT*      OR    *[signature]*

*Signature of Clerk or Deputy Clerk*      *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
Securities and Exchange Commission   , who issues or requests this subpoena, are:

Yitzchok Klug, 200 Vesey Street, Ste 400, New York, NY 10281, klugy@sec.gov, 212-336-0112

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 19 CIV 9013 (JSR)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                                   *Server's signature*

                                                   *Printed name and title*

                                                   *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).